O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RENE GONZALEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No. SACV 14-1634-KK<br><br>MEMORANDUM AND ORDER |

Plaintiff Lisa Rene Gonzalez seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for Title II Disability Insurance Benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///

///

///

///

1

# I.
# **PROCEDURAL HISTORY**

Plaintiff Lisa Rene Gonzalez ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her Title II application for Disability Insurance Benefits ("DIB"). Plaintiff filed her initial claim on March 29, 2013 alleging a disability onset date of November 23, 2012. Administrative Record ("AR") at 163-164. On May 16, 2013, the claim was denied. Id. at 59-63.

On June 17, 2013, Plaintiff filed a written request for hearing. Id. at 64-65. On June 10, 2014, a hearing was held before Administrative Law Judge ("ALJ") Keith Dietterle. Id. at 25-44.

On June 24, 2014, the ALJ issued a decision denying Plaintiff's application. Id. at 8-24. On August 21, 2014, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision. Id. at 5-7. On September 11, 2014, the Appeals Council denied Plaintiff's request for review. Id. at 1-4.

On October 20, 2014, Plaintiff filed the instant action. (ECF Docket No. ("dkt.") 3). This matter is before the Court on the parties' Joint Stipulation ("JS"), filed July 15, 2015, which the Court has taken under submission. (Dkt. 15).

# II.
# **RELEVANT FACTUAL BACKGROUND**

Plaintiff was born on December 6, 1962, and her alleged disability onset date is November 23, 2012. AR at 175. She was 49 years old at the time of the onset date, and 50 years old at the time of the hearing before the ALJ. Plaintiff graduated from high school. See id. at 180. In her Disability Report, Plaintiff reported she worked as a bank teller from July 2008 through August 2012 and a pharmacy technician from 2007 to 2008. Id. Plaintiff alleges disability based upon a left broken ulna, broken middle finger, and severe depression. Id. at 179.

# III.

## **STANDARD FOR EVALUATING DISABILITY**

To qualify for DIB, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]

(4) Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). This involves, *inter alia*, evaluating the credibility of a claimant's testimony regarding her capabilities. Chaudhry v. Astrue, 688 F.3d 661, 670 (9th Cir. 2012).

1 Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54
2 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

3       The claimant has the burden of proof at steps one through four, and the
4 Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.
5 Additionally, the ALJ has an affirmative duty to assist the claimant in developing the
6 record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her
7 burden of establishing an inability to perform past work, the Commissioner must show
8 that the claimant can perform some other work that exists in "significant numbers" in the
9 national economy, taking into account the claimant's residual functional capacity
10 ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100;
11 Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

**A.   Step One**

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 23, 2012, the alleged onset date" of disability. AR at 13.

**B.   Step Two**

At step two, the ALJ found Plaintiff "has the following severe impairments: status post left ulnar fracture non-union; left middle finger mallet deformity[;] status post distal interphalangeal joint fusion; and dsthymia." Id.

**C.   Step Three**

The ALJ found Plaintiff did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 14.

**D.   RFC Determination**

The ALJ found Plaintiff "has the residual functional capacity to perform the following: occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour

workday; no pushing and pulling with the left upper extremity; frequently climb stairs, bend, stoop, kneel, and crouch; occasionally climb ladders, ropes, or scaffolds, and crawl; occasionally perform fine and gross manipulation with the left upper extremity; occasionally reach overhead with the left upper extremity; never work at unprotected heights or around dangerous or fast moving machinery; and capable of simple routine tasks." Id. at 15-19.

**E.  Step Four**

At step four, the ALJ found Plaintiff was "unable to perform any past relevant work." Id. at 19.

**F.  Step Five**

At step five, the ALJ found "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform," including children's attendant and investigator of dealer accounts. Id. at 20-21. Therefore, the ALJ found Plaintiff "has not been under a disability, as defined in the Social Security Act from November 23, 2012, through the date of this decision." Id. at 21.

## V.
## DISPUTED ISSUES

The following issues are in dispute:

1. Whether the ALJ's Step three findings are supported by substantial evidence and are free of legal error.
2. Whether the ALJ's credibility assessment was supported by substantial evidence.
3. Whether the ALJ's findings at Step five are supported by substantial evidence and are free of legal error.
4. Whether the ALJ's residual functional capacity assessment ("RFCA") is supported by substantial evidence.
5. Whether remand is warranted based on second, successful application for

benefits.

Joint Stipulation ("JS") at 3.

The Court finds the third issue dispositive of this matter, and thus does not address the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## VI.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. This Court "may set aside a denial of benefits if it is not supported by substantial evidence or it is based on legal error." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citation and internal quotation marks omitted).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating a reviewing court "may not affirm simply by isolating a specific quantum of supporting evidence") (citations and internal quotation marks omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than

one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation and internal quotation marks omitted).

## VII.
## DISCUSSION

Plaintiff argues the VE testimony relied on by the ALJ is inconsistent with the DOT,[2] and is therefore unsupported by substantial evidence. For the reasons set forth below, the Court agrees.

**1.   Background**

At the hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Plaintiff's age, education, work experience, and RFC would be able to perform "jobs in the labor market." AR at 40-41. The VE answered that such an individual would be able to work as a children's attendant, DOT 349.677-018, and as an investigator of dealer accounts, DOT 241.367-038. Id.

In his decision, the ALJ determined the VE's testimony that Plaintiff could work as a children's attendant or investigator of dealer accounts was "consistent with the information contained in the" DOT. Id. at 21. Based on the VE's testimony, the ALJ

---

[2] "DOT" refers to the Dictionary of Occupational Titles, "which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." Massachi v. Astrue, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007) (citations omitted). The DOT is the Social Security Administration's "primary source of reliable job information." Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2015) (citations and internal quotation marks omitted).

concluded Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id.

**2. Legal Standard**

At step five of the sequential evaluation, the ALJ must "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite her identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The ALJ can meet the burden of showing there is other work in "significant numbers" in the national economy that the claimant can perform by referring to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, or by eliciting the testimony of a vocational expert. Lounsberry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006); Zavalin, 778 F.3d at 846.

The Ninth Circuit has explicitly held an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles." Massachi, 486 F.3d at 1152. In reaching this conclusion, the court reasoned:

> SSR 00–4p unambiguously provides that "[w]hen a [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has *an affirmative responsibility* to ask about any possible conflict between that [vocational expert] ... evidence and information provided in the [Dictionary of Occupational Titles]." SSR 00–4p further provides that the adjudicator "*will* ask" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.

Id. at 1152-53 (footnotes omitted).

"The ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by

substantial evidence." Zavalin, 778 F.3d at 846 (citation omitted); Massachi, 486 F.3d at 1154 ("The procedural requirements of SSR 00-4p ensure that the record is clear to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT]."). However, the Court may find the procedural error to be harmless if there was no conflict or if the vocational expert provided sufficient support for the conclusion so as to justify any potential conflicts. Massachi, 486 F.3d at 1154 n. 19.

### 3. Application

Here, the ALJ did not ask the VE whether his testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for the conflict. AR 40-42. The ALJ's failure to question the VE further was error. Massachi, 486 F.3d at 1154; see also Meyer v. Astrue, No. 1:09-CV-01448-JLT, 2010 WL 3943519, at *9 (E.D. Cal. Oct. 1, 2010) ("the ALJ's failure to elicit further explanation for the apparent incongruence between the DOT and the VE's opinion on this issue was error and left leaves 'unresolved potential inconsistenc[ies] in the evidence'") (internal citation omitted).

Further, this error was not harmless, because there is an apparent conflict, which the ALJ must reconcile, between Plaintiff's RFC and the DOT description of the jobs of children's attendant and investigator of dealer accounts.[3] The ALJ determined Plaintiff's

---

[3] Pursuant to the DOT, the strength requirement for the job of children's attendant is as follows:
> STRENGTH: Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant

RFC required "no pushing and pulling with the left upper extremity; . . . occasionally reach overhead with the left upper extremity." AR 15. Notwithstanding this RFC finding, the ALJ adopted the VE's testimony stating Plaintiff can perform the jobs of children's attendant and investigator of dealer accounts, which may require pushing and pulling. Id. at 41; DOT 349.677-018, 241.367-038; see also Marshall v. Astrue, No. 08CV1735-L(WMC), 2010 WL 841252, at *5 (S.D. Cal. Mar. 10, 2010) (finding an "apparent conflict" between RFC and DOT, because ALJ cannot assume VE reaching with only one arm was sufficient to perform the proposed job).

The ALJ did not ask the VE "to explain the conflict" between Plaintiff's RFC and

---

> degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DOT 349.677-018.

Pursuant to the DOT, the strength requirement for the job of investigator, dealer accounts is as follows:

> STRENGTH: Light Work - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DOT 241.367-038.

10

the jobs of children's attendant and investigator of dealer accounts, much less make a determination as to whether that explanation is "reasonable." <u>Zavalin</u>, 778 F.3d at 846. Thus, there is a "gap in the record," and this matter must be remanded for further proceedings.  <u>Id.</u>; <u>see also</u> <u>Massachi</u>, 486 F.3d at 1153-54.

## VIII.
## RELIEF

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision.  <u>See</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179 (9th Cir. 2000); <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).  Because the ALJ failed to properly determine the conflict between the VE's testimony and the DOT is reconcilable, remand is proper.  On remand, the ALJ must determine whether Plaintiff can actually perform the requirements of the positions identified given the limitations imposed by her left upper extremity.

## IX.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.

DATED: July 20, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge

11