|    |    |
| --- | --- |
| | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
| --- | --- |
| LISA RENE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>Defendant. | Case No. SACV 14-1634-KK<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) |

**I.**

**INTRODUCTION**

Plaintiff Lisa Rene Gonzalez's ("Plaintiff's") counsel, Erika Bailey Drake of Drake & Drake, P.C. ("Counsel"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). The Motion seeks an award in the amount of $8,186.25 for representing Plaintiff in an action to obtain disability insurance benefits with a refund to Plaintiff of $3,000 for the Equal Access to Justice Act ("EAJA") fees previously awarded.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill as Defendant in the instant case.

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court grants the Motion.

## II.

## **RELEVANT BACKGROUND**

On October 20, 2014, Plaintiff filed the Complaint in this action. See ECF Docket No. ("Dkt.") 3, Compl. Plaintiff alleged defendant Carolyn W. Colvin ("Defendant") improperly denied Plaintiff's applications for disability insurance benefits and supplemental social security income. Id. at 2. On July 20, 2015, the Court found Defendant erred in denying Plaintiff's applications, and entered Judgement reversing and remanding the case to Defendant for further administrative proceedings. Dkt. 17, Judgment.

On September 2, 2015, the Court issued an order approving the Parties' stipulation for award of EAJA fees to Counsel in the amount of $3,000. Dkt. 19, Order Granting EAJA Fees.

On June 2, 2017, pursuant to 42 U.S.C. § 406(b), Counsel filed the instant Motion seeking the amount of $8,186.25 for representing Plaintiff in the underlying proceedings before the Court. Dkt. 20, Mot. at 1. Additionally, Counsel intends to "refund to [P]laintiff EAJA fees previously awarded in the amount of $3,000." Id. Accordingly, Counsel seeks a net fee of $5,186.25. Id. Counsel states 16.2 hours of attorney time were expended on Plaintiff's case, Exhibit Time Sheet, Dkt. 20, Ex. 3, and seeks compensation pursuant to a contingency fee agreement stating "client will pay representative a fee equal to the lesser of 25% of Client's past-due benefits" resulting from a favorable decision by the Appeals Council. Contingency Fee Agreement, Dkt. 20, Ex. 2.

On June 2, 2017, Plaintiff was served with the Motion and informed she had a right to file a response to the Motion. Mot. at 2, 9. Plaintiff failed to file a timely

response and Defendant failed to file a timely opposition. Thus, the Court deems this matter submitted.

### III.
### DISCUSSION

**A.  APPLICABLE LAW**

42 U.S.C. § 406(b) ("Section 406(b)") provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793. A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citation omitted). Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject the primacy of lawful attorney-client fee

3

agreements." Gisbrecht, 535 U.S. at 793. Thus, courts should not apply lodestar rules in cases where the claimant and counsel reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits in determining whether a lawful contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.

**B.    ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b). Plaintiff retained Counsel to represent her in federal court in her appeal from the administrative denial of benefits, and agreed to pay Counsel a contingency fee of twenty-five percent of any past due benefits obtained. See Contingency Fee Agreement, Dkt. 20, Ex. 2. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in an award of past due benefits. See Dkt. 17, Judgment; Notice of Award, Dkt. 20, Ex. 1. Further, the 16.2 hours expended to litigate this case was reasonable and within the approved range for social security disability cases. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range").

In addition, a fee of $8,186.25 based on 16.2 hours of attorney time is reasonable. See Itemized Hours, Dkt. 20, Ex. 3. The Court finds Counsel's effective hourly rate of approximately $505.32 reasonable under the circumstances. See Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates greater than the rate Counsel seeks. E.g., Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour). Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests does not represent an unfair windfall to Counsel.

Finally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff. Counsel assumed the risk of nonpayment inherent in a contingency agreement and Counsel's efforts proved successful for Plaintiff. Accordingly, the Court finds the Section 406(b) fees Counsel requests reasonable.

///
///
///

## IV.
## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**; and (2) Defendant is directed to pay Counsel the sum of $8,186.25 with a reimbursement to Plaintiff for EAJA fees previously awarded in the amount of $3,000.

Dated: June 26, 2017

/s/ Kenly Kato
HONORABLE KENLY KIYA KATO
United States Magistrate Judge